IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALADA WILSON-PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:08CV499-MHT |
| | ) | (WO) |
| JOHN LUTHER PIKE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff, Valada Wilson-Paige contends that her constitutional rights were violated when the defendant, John Luther Pike, a private citizen, called "911" and reported to law enforcement officials that the plaintiff was "weaving on and off the road" and that she had hit his vehicle while driving along Interstate 85 North near LaGrange, Georgia.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

The plaintiff alleges that defendant Pike acted in concert with law enforcement officials, as well as a prosecutor, to violate her constitutional rights.  Specifically, she alleges that, on April 22, 2008, defendant Pike "worked with" law enforcement officials to target people driving "cars or SUV's with oversized tires and rims on the vehicles."  (Doc. No. 7, p. 1.)  The plaintiff also speculates that defendant Pike and Assistant Solicitor Julian Mack, the prosecutor in a criminal case arising from the April 2008 incident, are friends. (Doc. No.

1, p. 1.)

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Serv.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Mfrs.*, 526 U.S. at 50 (emphasis in original). It is clear that the actions of defendant Pike, standing alone, would not qualify as actions committed by a person acting under color of state law. However, in an effort to avoid dismissal of her claims against defendant Pike, the plaintiff alleges that the defendant acted in concert with Sergeant Anthony Spinks of the Grantville Police Department and Georgia State Patrol Officer James Corbett by reporting to law enforcement officials that she had hit his vehicle and was driving erratically on Interstate 85.

A conspiracy claim justifiably may be dismissed because of the conclusory, vague, and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The court has carefully reviewed the plaintiff's complaint and amendment to her complaint. At best, the plaintiff's assertions are self serving, purely conclusory allegations that fail to assert facts necessary to properly allege a conspiracy between defendant Pike and law enforcement officials such that he is transformed into a state actor. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must

plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (simply "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). A private citizen does not transform himself into a state actor simply by calling the police, filing a police report, or participating in court proceedings. *See Williams v. Town of White Hall, Ala.*, 450 F.Supp.2d 1300, 1308 (M.D. Ala. 2006) (holding that private businesses do not transform themselves into state actors by calling the police); *Woods v. Valentino*, 511 F.Supp.2d 1263, 1274 n. 19 (M.D. Fla. 2007) (noting that simply filing police reports and/or seeking an injunction through the court system does not automatically turn a private citizen into a state actor).

The plaintiff has merely set forth a series of events which allegedly resulted in a violation of her constitutional rights. In light of the foregoing, the court concludes that the plaintiff's bare allegation of a conspiracy involving a private citizen from Prattville, Alabama, and Georgia law enforcement officials along Interstate 85 is insufficient to support a claim for relief against defendant Pike under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557. In light of the foregoing, the court concludes that the plaintiff's claims against defendant Pike are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 2, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Secur., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of August, 2008.

                                       /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE